In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00441-CV
IN RE RICHARD EARL PURKEY JR. AND ASHLYN PURKEY JORDAN

_____

**Original Proceeding**
**1st District Court of Newton County, Texas**
**Trial Cause No. CV25-15370**

_____

**MEMORANDUM OPINION**

The Relators, Richard Earl Purkey Jr. ("Purkey") and Ashlyn Purkey Jordan ("Jordan"), filed a Petition for Mandamus seeking relief from the trial court's orders granting depositions in a Rule 202 proceeding in Trial Cause No. CV25-15370, *Matthew Paul Spence, Petitioner v. Richard Earl Purkey Jr. and Ashlyn Purkey Jordan*. We issued a temporary order staying the depositions and obtained a response from the Real Parties in Interest, Matthew Paul Spence ("Spence" or "Petitioner") and Stacy Spence ("Stacy Spence" or "Intervenor"). We conditionally grant mandamus relief.

On July 23, 2025, Petitioner Matthew Paul Spence filed a Verified Rule 202 Petition to Take Depositions Before Lawsuit or to Investigate Claims ("Rule 202 Petition"). In his Rule 202 Petition, Spence alleges (1) he seeks to investigate a potential claim he may have against Purkey and Jordan and a potential objection to and application to set aside the probate of the 2024 Last Will and Testament of Fredna Sue Purkey, who died on September 10, 2024; (2) the subject matter of the anticipated claim is lack of mental capacity and possible undue influence relating to the making and execution of the 2024 Will and the Amended and Restated Trust Agreement executed contemporaneously with the 2024 Will, which defined the Purkey Family Trust as the sole beneficiary of Fredna Purkey's estate; (3) Spence is a party with a potential claim as he is listed as a beneficiary of Fredna Purkey's 2009 Last Will and Testament and as a beneficiary of the 2008 Trust Agreement creating the Purkey Family Trust; (4) in June 2025, Spence requested a copy of the 2024 Amended Trust from Purkey as Trustee of the Purkey Family Trust and from Jordan as the Executor of Fredna Purkey's estate; (5) Jordan has not provided a verified, full and detailed Inventory, Appraisement, and List of Claims; (6) based on his observations of Fredna Purkey in early 2023, Spence has a good faith belief that Fredna Purkey may not have had the requisite mental capacity to make and execute the 2024 Will and Amended Trust; and (7) in the summer of 2024, Richard Purkey III called Spence with news that Fredna Purkey was hospitalized due to a fall and

2

advised that they should not visit her in the hospital because doing so would cause her anxiety. Copies of the 2009 Will, the 2008 Trust Agreement, and the 2024 Will, were attached to the petition, as was Spence's verification in support of the petition. The 2009 Will and the 2008 Trust Agreement contain no-contest clauses.

On September 17, 2025, Relator Richard Earl Purkey Jr. (Purkey), in his capacity as Successor Trustee of the Purkey Family Trust, filed an Objection to Petitioner's Verified Rule 202 Petition to Take Deposition Before Lawsuit or to Investigate Claims and Request to Dismiss ("Objection"). Purkey alleges a Rule 202 deposition is improper because Spence's verification and the attached documents are insufficient to meet Rule 202's evidentiary requirement, fail to show any imminent loss of testimony, and fail to show how any possible benefit to Spence outweighs the burden or expense to Purkey. Purkey alleged the 2008 Trust Agreement and the 2024 Amended Trust provide that the Trustee has no duty to provide information to beneficiaries. The exhibits to Purkey's Objection include a copy of a letter from Purkey's counsel to Spence. The letter notifies Spence that he is a primary beneficiary of the 2024 Amended Trust, that the Trust funding was incomplete because one of the main assets was an unpaid debt owed to Fredna Purkey by Southeast Texas Industries ("STI"), which according to allegations contained in Purkey's Objection is Spence's employer. Additional exhibits include copies of

letters from Jordan's and Purkey's attorneys notifying the parties' attorneys that all communications must be made through counsel.

On September 17, 2025, Relator Ashlyn Purkey Jordan, as Independent Executor of the Estate of Fredna Sue Purkey, Deceased, filed an Adoption and Joinder in Richard Earl Purkey Jr.'s Objection to Petitioner's Verified Rule 202 Petition to Take Deposition Before Lawsuit or to Investigate Claims and Request to Dismiss. A hearing was set for September 22, 2025. On September 22, 2025, a Third Amended Notice of Hearing was filed by the Petitioner, Matthew Paul Spence, resetting the hearing to October 29, 2025, at 9:00 a.m.

On October 16, 2025, Petitioner Spence filed a Supplement to Verified Rule 202 Petition to Take Depositions Before Lawsuit or to Investigate Claims. Spence argued that the burden of a few hours of depositions is minimal compared to the benefit to Petitioner in ensuring that a multi-million dollar estate is distributed according to the wishes of the decedent and not through documents that may have been procured through undue influence or executed by someone lacking testamentary capacity, and ensuring he does not inadvertently waive his rights by prematurely filing suit or lose his rights by failing to contest the documents at issue. Spence contended Ashlyn Jordan's response to his request for a copy of the 2024 Amended Trust disclosed that Richard Purkey Jr. is the acting Trustee, Matthew Spence is a primary beneficiary, that the Trustee was presently unable to move

4

forward with allocations and distributions to the beneficiaries, and the Trustee declined the request for a copy of the 2024 Amended Trust. According to Spence, Jordan's response did not inform Petitioner of the identities of the other beneficiaries, the manner in which any distributions are calculated, the timing for the distribution of any assets, the circumstances by which the Amended Trust was executed and incorporated by reference into the 2024 Will, the mental health and physical condition of Fredna Purkey when executing the 2024 Will and Amended Trust, or explain why the Will and Trust were amended shortly before Fredna Purkey's death. He contended the conditional language in the Purkey Family Trust did not override mandatory disclosures under state law. According to Spence, "Petitioner's interest allegedly shifted from fixed beneficiary to contingent claimant whose inheritance depends entirely on whether his employer pays a disputed debt to a trust controlled by the creditor seeking payment." Spence alleged Purkey's conflicts of interest disqualify him from serving as Trustee. The verification of Matthew Spence to the factual statements in the Supplemental Petition was attached.

On October 27, 2025, Relator Purkey filed a Supplemental Objection to Petitioner's Supplement to Verified Rule 202 Petition to Take Deposition Before Lawsuit or to Investigate Claims and Request to Dismiss. Purkey argued the Purkey Family Trust has had a no-contest clause from its inception and a similar prohibition was included in Fredna Purkey's prior will. Purkey alleged he has no knowledge of

5

the circumstances under which the documents were drafted and executed, he will provide an annual accounting for the Purkey Family Trust in November 2025, and he is unable to address issues involving the separate administration of the estate. Additionally, Purkey asserted that in December 2024, he sued STI in Jefferson County seeking a declaratory judgment that a paragraph in a stock redemption agreement between STI and Purkey—which included language releasing the STI Note—is void and unenforceable due to unconscionability associated with an alleged breach of fiduciary duty by the attorney allegedly representing both Purkey and STI in the transaction. Purkey contends Spence will have an opportunity to take his deposition in the Jefferson County lawsuit.

On October 28, 2025, Relator Jordan filed a Response to Petitioner's Supplement to Verified Rule 202 Petition to Take Depositions Before Lawsuit or to Investigate Claims. According to Jordan, she has no knowledge of the provisions of the Purkey Family Trust, no knowledge of the circumstances surrounding the drafting and execution of the amendments to the Purkey Family Trust, and Spence brought the Rule 202 Petition to harass Jordan for intervening in the Jefferson County lawsuit to recover money owed to the Estate by companies owned and controlled by Spence's parents Paul and Stacy Spence. Relator Jordan contends the Rule 202 Petition was improperly filed in Newton County after the Jefferson County District Court denied the STI defendants' motion to transfer venue. An affidavit by

Jordan is attached to the Response. Jordan states in her affidavit that she first became aware that Fredna Purkey had a will and a trust after Fredna Purkey died. According to Jordan, Matthew Spence is a key employee and officer of STI, and STI's failure to comply with its contractual obligations is the only thing that is substantially altering the beneficial interests of the Purkey Family Trust.

On October 29, 2025, a hearing was held on Petitioner's Verified Rule 202 Petition to Take Depositions Before Lawsuit or to Investigate Claims. At 9:29 a.m. on October 29, 2025, Intervenor Stacy Spence filed a Petition in Intervention to Matthew Paul Spence's Verified Rule 202 Petition to Take Depositions Before Lawsuit or to Investigate Claims ("Petition in Intervention"). Intervenor alleges she is listed as a beneficiary in the 2008 Trust Agreement, the 2024 Will excludes her as a beneficiary and names the Purkey Family Trust as the sole beneficiary, and Executor Ashlyn Jordan has not provided her with a copy of the Inventory of the Estate. Intervenor alleged she has reason to believe Fredna may not have had the requisite mental capacity to execute the 2024 Will and the 2024 Amended Trust. Intervenor alleged she cannot evaluate whether the changes were validly executed without access to the 2024 Amended Trust and sworn testimony about its execution. She further alleged that in December 2019, Richard Purkey Jr. executed a release that explicitly disclaimed all interest in the $6.5 million STI note and individually and as anticipated executor agreed to either forgive the debt or to transfer it to Stacy

7

Spence for no consideration, such that his recent actions are a breach of that agreement and provide grounds to investigate whether the 2024 amendment reflects Fredna's true intent or was procured for Richard Jr.'s benefit.

In the hearing on the Rule 202 petition, Spence argued they wanted to depose Purkey and Jordan to discover the circumstances and events surrounding Fredna Purkey's condition, her execution of the 2024 Will and Amended Trust, and to obtain a copy of the Amended Trust. For evidence that they have reason to believe, Fredna may have lacked mental capacity when she executed the 2024 Will and 2024 Amended Trust, and Spence relied upon his verification of the allegations in the Rule 202 Supplemental Petition. Counsel tendered a notebook that "contains all the filings so far in this 202 proceeding" but did not offer them as exhibits for the hearing. Spence argued Purkey objected to producing the Amended Trust in discovery in the Jefferson County lawsuit between Purkey and STI, so the Rule 202 petition was the only way they could obtain the document without filing a lawsuit that would trigger a no-contest provision in the Amended Trust. Spence and Purkey informed the court they would agree to a protective order.

Jordan argued Spence improperly conflated the executor and the trustee. Jordan explained Fredna Purkey retained 51 percent ownership in STI Enterprises, Inc., but in 2008 a $12 million note was executed as consideration for the transfer of Fredna Purkey's interest in her other companies, and that in 2012 the STI companies

8

executed a $6.5 million note to Fredna Purkey. As Jordan's duty is to collect the assets and deliver them to the Purkey Family Trust under the pour-over provisions of the 2024 Will, Jordan argued she should not be required to testify about the Amended Trust.

Purkey argued that Spence had failed to meet the burden of proof for a Rule 202 Petition because pleadings, even if sworn or verified, are not evidence and cannot be relied upon to prove facts supporting the petition. Purkey contended the allegations asserted in the verified petition erroneously allege Spence was removed as a beneficiary of the Purkey Family Trust, and the supplemental verified petition erroneously alleges Purkey is both a beneficiary of the Amended Trust and the trustee, which is not true because in 2024 he was removed as a beneficiary. Purkey further argued that Spence is not entitled to a copy of the Inventory, Appraisement and List of Claims because the Trust is the sole beneficiary under the Will. Purkey referenced his affidavit, which stated he was not involved in the amendment of the Purkey Family Trust and he was not present when Fredna Purkey executed the 2024 Will, but the affidavit was not tendered as an exhibit. Purkey argued it would not be appropriate to use Rule 202 to engage in a fishing expedition about Fredna Purkey's testamentary capacity.

After the hearing, the trial court signed an Order Granting Petitioner Matthew Paul Spence's Verified Rule 202 Petition and an Order Granting Intervenor Stacy

9

Spence's Verified Rule 202 Petition and therein found that "[a]llowing the requested depositions and production of documents may prevent a failure or delay of justice in an anticipated suit;" and "[t]he likely benefit of the depositions and document production to investigate potential claims outweighs any burden or expense." In its orders, the trial court allowed Matthew Spence and Stacy Spence to take oral depositions of Richard Earl Purkey Jr., in his capacity as Trustee, and Ashlyn Purkey Jordan, in her capacity as Executor, about:

- "[the] Substance, including the identity of any beneficiaries, of the 2024 Amended Trust;"
- "[the] Substance of the Inventory, Appraisement, and List of Claims of the Estate;"
- "the circumstances by which the 2024 Will and 2024 Amended Trust were prepared and executed including the people involved in preparing the documents, the people present when they were signed, the location of the signing, and any communications with Fredna Purkey regarding such documentation;"
- "the mental and physical condition of Fredna Purkey when signing the 2024 Will and 2024 Amended Trust;"
- "the presence and relationship of the witnesses to the 2024 Will to Fredna Purkey;"
- "the communications between the Trustee and Executor and Fredna Purkey in the months leading up to and on the date the 2024 Will and 20[2]4 Amended Trust were signed;"
- "any medical impairments, hospitalizations and diagnosis of Fredna Purkey in the months leading up to the 2024 Will and 2024 Amended Trust being signed;"
- "the requestor and basis for any changes from the 2009 Will to the 2024 Will; and"
- "the requestor and basis for any changes from the 2008 Trust Agreement to the 2024 Trust Amendment."

10

The trial court ordered that at least four days before their depositions, the deponents shall also produce:

- "A complete copy of the 2024 Amended Trust (and any prior instruments necessary to determine operative terms and beneficiaries);"
- "Non-privileged documents reflecting the Estate's Inventory, Appraisement, and List of Claims; and"
- "Non-privileged communications concerning the preparation or execution of the 2024 Will and 2024 Amended Trust."

The trial court limited each deposition to four hours and instructed the parties to confer regarding an appropriate confidentiality agreement. Richard Earl Purkey Jr. and Ashlyn Purkey Jordan filed a Petition for Writ of Mandamus.

Mandamus Review of Rule 202 Orders

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

"A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

11

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). This balancing test is necessarily a fact-specific inquiry that "resists categorization[.]" *Prudential*, 148 S.W.3d at 136. "The most frequent use we have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). "[P]arties lack an adequate appellate remedy from orders compelling discovery beyond what the rules allow." *In re Millwork*, 631 S.W.3d 706, 714 (Tex. 2021) (orig. proceeding). "An improper order under Rule 202 may be set aside by mandamus." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding).

Rule 202 provides a procedure that is ancillary to an anticipated suit. *See id.* "Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding).

The Real Parties in Interest argue they presented the trial court with verified pleadings raising doubts as to the validity of the 2024 Will and the 2024 Amended

12

Trust, including Matthew Spence's observation of Fredna Purkey in 2023 and Fredna Purkey's isolation during her mid-2024 hospitalization. They argue Purkey presented the letter that identified Spence as a primary beneficiary of the Purkey Family Trust, makes a "nebulous assertion" that the STI indebtedness might affect the Trust benefits, asserts that if Spence challenges the validity of the Trust, he might forfeit his interest, and denied Matthew Spence and Stacy Spence access to the 2024 Amended Trust.

Relators argue the Real Parties in Interest failed to present evidence to meet their burden to establish the facts necessary to obtain the Rule 202 depositions. We agree with Relators. *See In re INVISTA S.à.r.l.*, No. 09-18-00351-CV, 2018 Tex. App. LEXIS 8962, at *12 (Tex. App.—Beaumont Nov. 1, 2018, orig. proceeding) (mem. op.) ("Sworn, verified pleadings are generally not competent evidence to prove the facts asserted in the pleading."). In a Rule 202 proceeding, "[d]ocuments that are not admitted into evidence cannot be considered as proof." *In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 Tex. App. LEXIS 6396, at *15 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.). "Moreover, pleadings are not generally competent evidence to prove the facts alleged in them, even if, as here, they are sworn or verified." *Id.* at *15-16. "And a court may not take judicial notice of the truth of the allegations in the pleadings included in its records." *Id.* A verified petition does not constitute competent evidence in support of a pre-

suit deposition. *In re Josefsberg*, No. 01-22-00604-CV, 2022 Tex. App. LEXIS 9544, at *8 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, orig. proceeding) (mem. op.). "Similarly, argument of counsel is not evidence and cannot supply the factual basis for granting a Rule 202 petition." *In re Noriega*, No. 05-14-00307-CV, 2014 Tex. App. LEXIS 3462, at *6 (Tex. App.—Dallas Mar. 28 , 2014, orig. proceeding) (mem. op.). "It is an abuse of discretion for a trial court to find that the likely benefit of a Rule 202 deposition outweighs the burden of the deposition when the party seeking the deposition fails to provide any evidence on which the court could have based such a finding." *In re Paloma Creek Homeowners Ass'n*, No. 02-24-00523-CV, 2025 Tex. App. LEXIS 83, at *8 (Tex. App.—Fort Worth Jan. 9, 2025, orig. proceeding) (mem. op.).

We conclude that the trial court abused its discretion by granting the Rule 202 petition for pre-suit depositions and that Relators lack an adequate remedy by appeal. We need not consider Relators' remaining arguments as they would not provide any greater relief.

Accordingly, we lift our Order for Temporary Relief granting the stay of the Rule 202 Depositions and we conditionally grant the petition for a writ of mandamus. We are confident the trial court will (1) vacate its Order Granting Petitioner Matthew Paul Spence's Verified Rule 202 Petition to Take Depositions Before Lawsuit or to Investigate Claims and deny the petition, and (2) vacate its

Order Granting Intervenor Stacy Spence's Verified Rule 202 Petition in Intervention to Take Depositions Before Lawsuit or to Investigate Claims and deny the intervention. The writ of mandamus shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on November 20, 2025
Opinion Delivered June 4, 2026

Before Johnson, Wright and Chambers, JJ.